IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL PARHAM, | : | CIVIL ACTION |
|     Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| EDWARD KLEM, et. al. | : | No. 05-2211 |
|     Respondents. | : | |

## REPORT AND RECOMMENDATION

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                                February 28, 2006

      Before the Court for Report and Recommendation is Petitioner Paul Parham's (alternatively "Parham" or "Petitioner") *pro se* petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.[1] Parham is currently lodged at the State Correctional Institution in Frackville, Pennsylvania.[2] By this petition, he challenges the state court convictions leading to his incarceration by claiming that: (1) the evidence presented at his trial was insufficient to establish his guilt beyond a reasonable doubt; (2) he was denied the effective assistance of both trial and appellate counsel; and (3) he is actually innocent.

      For the reasons set forth below, we find that the petition is untimely and recommend that it be **DISMISSED** with prejudice.

---

[1] While this Court's civil docket sheet lists petitioner as "Paul Parhan," he signed his name as "Paul Parham." Records from the Superior Court of Pennsylvania also record his name as "Paul Parham." *See* Doc. No. 8, Exs. A-C.

[2] We note that while Petitioner is not currently a resident of the Eastern District of Pennsylvania, venue here is proper because his current confinement is the result of his prosecution and conviction in Philadelphia County.

## FACTUAL AND PROCEDURAL HISTORY

On December 17, 1999, following a jury trial in the Philadelphia Court of Common Pleas, Parham was convicted of aggravated assault. (Doc. No. 1 at 5). On May 18, 2000, he was sentenced to a term of 9-18 years imprisonment. (*Id*.).

On June 6, 2000, Parham filed a notice of appeal in the Superior Court of Pennsylvania. (Doc. No. 8 at 17). The court dismissed his appeal on November 22, 2000 for failure to file a brief. (*Id*. at 18). He took no further action until May 22, 2001 when he filed a *pro se* petition in the Philadelphia Court of Common Pleas under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541, et seq., requesting that his direct appellate rights be reinstated *nunc pro tunc* due to his counsel's failure to file a brief. (*Id*. at 20-26). On September 17, 2001, the PCRA court granted this request, giving him 30 days to file a notice of appeal in the Superior Court. (*Id*. at 28). He failed to do so and took no further action in any court until he field this petition.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one year period of limitation for the filing of an application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). In pertinent part, the AEDPA provides that the one-year period of limitation runs as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral appeal; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*.  We recount below the relevant dates and events leading to this Court's conclusion that Parham's habeas corpus petition is untimely and must be dismissed.

| Date | Event | Effect on Limitations Period |
| --- | --- | --- |
| 9/17/01 | PCRA court reinstates direct appellate rights *nunc pro tunc*. | Parham has 30 days to file appeal in the Superior Court of Pennsylvania. |
| 10/17/01 | Thirty day period to file appeal expires | One year time limit to file habeas corpus petition begins. |
| 10/17/02 | One year has elapsed. | One year time limit to file habeas corpus petition expires. |
| 4/25/05 | Parham signs and dates his application for writ of habeas corpus. | Application is considered filed – more than 2 1/2 years after expiration of the one year time limit. |

     A.     <u>**Statutory Tolling**</u>

Our analysis begins on September 17, 2001, the date the Pennsylvania Superior Court granted Parham's request to re-instate his direct appellate rights *nunc pro tunc*.  After his rights were reinstated, he had thirty days to file his appeal with the Pennsylvania Superior Court.  Pa. R App. P. 1512 (a)(1).  He failed to do so.  While section 2244 provides that "[t]he time during which a

properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection," Parham did not file any additional post conviction or collateral actions. 28 U.S.C. § 2244(d)(2). Therefore, the AEDPA's one year statue of limitations began to run on October 17, 2001 when the thirty day period to file his direct appeal expired.[3] Barring any equitable tolling, the one year statute of limitations expired on October 17, 2002. Parham did not file this action until April 25, 2005, more than two and a half years later.

B. **Equitable Tolling**

Parham alleges that he is entitled to the extraordinary benefit of equitable tolling for two reasons. First, he asserts a claim of "actual innocence," which he argues is sufficient to toll the limitations period. (Doc. No. 11 at 3). Second, he claims that his attorney rendered ineffective assistance of counsel by failing to file his appellate brief, which left him with a "lack of any remedial option [that] created a situation appropriate for tolling." (*Id*. at 4). We disagree.

A petitioner seeking equitable tolling must prove that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from timely filing. *Schlueter v. Varner*, 384 F.3d 69, 78 (3d Cir. 2004)(a petitioner seeking the benefits of equitable tolling must demonstrate that both extraordinary circumstances prevented him from timely filing and that he

---

[3] The AEDPA one year statute of limitations began to run after the time to seek direct review expired. 28 U.S.C. § 2244 (d)(1)(A). The remaining AEDPA statute of limitations "start dates" are inapplicable: no state action created an impediment to timely filing his application for a writ of habeas corpus; he does not rely on a newly recognized and retroactively applicable constitutional law; and the date on which the factual predicate of his claims could have been discovered arose during his trial and discoverable long ago through the exercise of due diligence. *Id*. § (d)(1)(B)-(D).

exercised reasonable diligence); *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001); *Miller v. New Jersey Dept. of Corrections*, 145 F.3d 616, 617-18 (3d Cir. 1998) (equitable tolling may only be granted in those rare circumstances where the petitioner has been prevented in some extraordinary way from asserting his rights).

Regarding his first claim, we note that neither the Supreme Court nor the Third Circuit has applied the doctrine of equitable tolling to a petitioner's claim of actual innocence. *See Knecht v. Shannon*, 132 Fed.Appx. 407, 409 (3d. Cir. 2005) (non-precedential) ("this Court has not yet determined whether a showing of actual innocence is grounds for equitable tolling of AEDPA's statute of limitations").[4] However, we need not reach this novel question of law because Parham has failed to meet the threshold standard for sustaining a viable claim of actual innocence.

Parham's claim of actual innocence is "not itself a constitutional claim, but instead a gateway through which a *habeas* petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Schlup v. Delo,* 513 U.S. 298, 315 (1995). A habeas petitioner seeking to demonstrate actual innocence faces an "extremely high burden." *Sweger v. Chesney,* 294 F.3d 506, 523-24 (3d Cir. 2002). First, he must support his claim with new and reliable evidence

---

[4] *See also Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 2000) (a claim of actual innocence would not constitute a "rare and exceptional" circumstance which would justify the equitable tolling of the limitations period, "given that many prisoners maintain they are innocent"); *Flanders v. Graves*, 229 F.3d 974, 977 (8th Cir. 2002) (holding that when petitioner has failed to show extraordinary circumstances prevented him from timely filing, a claim of actual innocence will not toll the statue of limitations under the AEDPA because it "would take the equitable-tolling doctrine far from its original and legitimate rationale"); *but see Souter v. Jones,* 395 F.3d 577, 599 (6th Cir. 2005) ("[e]quitable tolling of the one-year limitations period based on a credible showing of actual innocence is appropriate."); *Gibson v. Klinger,* 232 F.3d 799, 808 (10th Cir. 2000) ("[e]quitable tolling would be appropriate, for example, when a prisoner is actually innocent.").

that was not presented at trial. *Schulp*, 513 U.S. at 324. Second, he must be able to prove that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id*. at 327.

The evidence Parham relies upon to support his claim of actual innocence consists of employment records from W.F. McGraw Corporation, a construction company.[5] He asserts that these records provide evidence that he was working in Virginia under the alias of "Dylan McNair" at the time the aggravated assault was committed in Pennsylvania. (Doc. No. 11 at 3). This documentary evidence, however, was available at his trial and excluded by the court as hearsay. (N.T 5/18/00, p. 8-9).

Furthermore, just prior to Parham's sentencing hearing the court further addressed this evidence, commenting that it was not dispositive and, even if it had been admitted, it would have been unlikely to have altered the outcome of the trial.[6] "[E]ven if one accepted those records, there would have been enough time for the Defendant to be here [Pennsylvania], commit the crime, and be back in Virginia." (*Id*. at 19). The state court further noted, "[a]ll of that [evidence] may well have been accepted by the jury and they could still convict on the evidence that was presented." (*Id*. at 35).

---

[5] The name of the company is also referred to as the "William F. McMann" company (N.T. 5/18/00, p-8) and the "W.F. Magan Corporation" (Doc. No. 11, Exh. A). It is unclear which name is correct.

[6] At his sentencing hearing, the court noted that Parham had made a request for extraordinary relief, stating, "I'm not sure this rises to what I would normally call extraordinary relief and normally I would do it post-sentence, but because it appears so convenient to do it now. . . I think we should proceed with the ineffectiveness claim now." (N.T. 5/18/00, p-2). Thus, in the context of a claim of ineffective assistance of counsel, the court addressed the potential impact of the evidence which Parham now offers in support his claim of actual innocence.

Therefore, we find that the evidence Parham offers in support of his claim of actual innocence is not new. Nor is it "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schulp*, 513 U.S. at 327.

Regarding his second claim, the Third Circuit has clearly held that attorney error is insufficient to warrant equitable tolling. "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Fahy v. Horn*, 240 F.3d 239, 244 (3d. Cir. 2001). Parham asserts that the reason he never filed an appellate brief in the Superior Court is that his attorney failed to do so.[7] Such an error, however, is insufficient to trigger the doctrine of equitable tolling.[8]

Finally, we find that Parham failed to diligently pursue his rights. While he stated in his "Traverse" that he last inquired into the status of his appeal to the Superior Court in October 2001, he did not file this petition until April 2005.[9] (Doc. No. 11 at 4). Such a lengthy and unexplained

---

[7] We note that the Superior Court dismissed Parham's first appeal on November 22, 2000 due to his failure to file an appellate brief. (Doc. No. 8 at 18). After his direct appellate rights were reinstated on September 17, 2001, he again failed to file an appellate brief. (*Id*. at 28).

[8] We note that Petitioner has attached to his "Traverse" an October 31, 2001 letter from the Disciplinary Board of the Supreme Court of Pennsylvania ("the Board") which was apparently the result of a complaint he lodged against his counsel. We do not see how this helps Petitioner's case. In the letter, the Board explained that counsel advised the criminal appointment office that he could no longer represent Parham due to a conflict stemming from new employment. (Doc. No. 11, Ex. B). While he requested that he be removed from Parham's case, he failed to file a separate motion to withdraw with the Superior Court. (*Id*.). The Board noted that although his attorney failed to follow proper procedure, it was "an isolated instance of mistake" and did not warrant sanction. (*Id*.). Therefore, it appears this is a case of garden variety attorney error that does not rise to the level of an "extraordinary circumstance" required for equitable tolling.

[9] Parham's "Traverse" (Doc. No. 11) is his reply to the government's response to his petition for habeas corpus.

period of inactivity cannot be deemed an exercise of reasonable diligence.

Having determined that this petition for a writ of habeas corpus is untimely, and fails to meet any of the statutory tolling provisions or to satisfy the criteria for equitable tolling, this Court's recommendation follows.

## RECOMMENDATION

**AND NOW**, this 28th day of February 2006, it is respectfully **RECOMMENDED** that, pursuant to 28 U.S.C. § 2244(b)(1), the petition for a writ of habeas corpus be **DISMISSED WITH PREJUDICE**. It is **FURTHER RECOMMENDED** that a certificate of appealability should **NOT ISSUE** in that we do not believe that Petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

BY THE COURT:

/s/ David R. Strawbridge
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE